UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SONJA DAVIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:19CV1680 JCH |
| | ) |
| THE BOEING COMPANY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiff's Complaint, filed June 18, 2019. (ECF No. 6). By way of background, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on December 3, 2018. (ECF No. 7-1).[1] In her Charge of Discrimination, Plaintiff checked the boxes for discrimination based on race and retaliation[2]; she did not check the box for sex discrimination. Plaintiff indicated the discrimination at issue transpired on February 6, 2018. As to the particulars of her charge, Plaintiff stated as follows:

> I am a 48-year old, Black female. I was hired by the Respondent in April 2015 as a Trade Control Specialist II. I felt compelled to resign on February 6, 2018, because I was passed over for promotion in January 2018.

---

[1] "When considering a motion to dismiss under Rule 12(b)(6), a court may consider material attached to the complaint and materials that are public records, do not contradict the complaint, or are necessarily embraced by the pleadings." *Hogsett v. Mercy Hospitals East Communities*, No. 4:18CV1907 AGF, 2019 WL 446876, at *3 (E.D. Mo. Feb. 5, 2019) (citing *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir. 1999)). Therefore, although Plaintiff failed to attach her EEOC Charge of Discrimination to her Complaint, the Court may consider it, as the document is a public record and material embraced by the pleadings. *Id.* (citing *Blakley v. Schlumberger Tech. Corp.*, 648 F.3d 921, 931 (8th Cir. 2011) (holding in an employment discrimination case that a court may consider, on a motion to dismiss, the administrative charge attached as an exhibit in support of the defendant's motion to dismiss, because the charge is a public record)).
[2] Plaintiff's Complaint in this lawsuit does not reference retaliation, nor does it contain allegations relating to retaliation.

> During my employment, Carolyn Burkhead (White/40s/Manager) and Jada Fox (White/mid-30s/Head Manager) subjected me to a hostile work environment. For example, meetings were cancelled with no explanation and I was no longer receiving responses to emails.
>
> I was discriminated and retaliated against in violation of Title VII of the Civil Rights Act of 1964, as amended.

(ECF No. 7-1, P. 2).

Plaintiff received a Dismissal and Notice of Rights letter from the EEOC, dated February 1, 2019. (ECF No. 3-1). She filed a Complaint for Race-Based Employment Discrimination in the Circuit Court of St. Louis County, Missouri, on May 1, 2019, asserting claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Missouri Human Rights Act ("MHRA"), Mo. Rev. Stat. § 213.010 *et seq*. (ECF No. 3). Defendant removed the case to this Court on June 11, 2019, on the bases of federal question and diversity jurisdiction. (ECF No. 1). As stated above, Defendant filed the instant Motion to Dismiss on June 18, 2019. (ECF No. 6).

## STANDARD FOR MOTION TO DISMISS

In ruling on a motion dismiss, the Court must view the allegations in the complaint in the light most favorable to plaintiff. *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008). The Court, "must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party." *Coons v. Mineta*, 410 F.3d 1036, 1039 (8th Cir. 2005) (citation omitted). The complaint's factual allegations must be sufficient "to raise a right to relief above the speculative level," however, and the motion to dismiss must be granted if the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (abrogating the "no set of facts" standard for Fed.R.Civ.P. 12(b)(6) found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

Furthermore, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 555 (pleading offering only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not do)).

## DISCUSSION

### I. Gender Discrimination

Although Plaintiff's Complaint is entitled "Complaint for Race-Based Employment Discrimination", she alleges Defendant failed to keep certain promises "because of Plaintiff[']s race *and gender*." (ECF No. 3, ¶ 5 (emphasis added)). Defendant asserts Plaintiff may not pursue her gender discrimination claim, however, as the Charge she filed with the EEOC made no such claim, limiting the alleged discrimination suffered to racial discrimination. (ECF No. 7, P. 8).

"Before a plaintiff may file a complaint in federal court alleging violations of....Title VII, [s]he must first exhaust [her] administrative remedies."[1] *Wilkes v. Washington University School of Medicine*, No. 4:06CV1833 MLM, 2007 WL 1040929 at *2 (E. D. Mo. Apr. 3, 2007) (citing *Shannon v. Ford Motor Co.*, 72 F.3d 678, 684 (8th Cir. 1996) (regarding Title VII)). In *Parisi v. Boeing Co.*, 400 F.3d 583 (8th Cir. 2005), the Eighth Circuit elaborated upon the administrative exhaustion requirement as follows:

> The reason for requiring the pursuit of administrative remedies first is to provide the EEOC with an initial opportunity to investigate allegations of employment discrimination and to work with the parties toward voluntary compliance and conciliation. The proper exhaustion of administrative

---

[1] "Exhausting administrative remedies requires timely filing a charge with the EEOC and receiving a right to sue letter." *Wilkes*, 2007 WL 1040929 at *2 (citation omitted).

>   remedies gives the plaintiff a green light to bring [his or] her employment-
>   discrimination claim, along with allegations that are like or reasonably
>   related to that claim, in federal court. Although we have often stated that
>   we will liberally construe an administrative charge for exhaustion of
>   remedies purposes, we also recognize that there is a difference between
>   liberally reading a claim which lacks specificity, and inventing, *ex nihilo*,
>   a claim which simply was not made. The claims of employment
>   discrimination in the complaint may be as broad as the scope of the EEOC
>   investigation which reasonably could be expected to result from the
>   administrative charge.

*Parisi*, 400 F.3d at 585 (internal quotations and citations omitted). "A plaintiff may not raise in federal court allegations outside the scope of the EEOC charge." *Hatton v. Accord Bldg. Services, L.L.C.*, No. 4:09CV1888 SNLJ, 2010 WL 2540117 at *1 (E.D. Mo. Jun. 16, 2010) (internal quotations and citation omitted).

Upon consideration, the Court agrees with Defendant that Plaintiff's claim of gender discrimination must be dismissed, as it is not "reasonably related" to Plaintiff's original EEOC charge. *Patterson v. Dayton Freight Lines, Inc.*, No. 4:07CV1225 HEA, 2007 WL 4640520, at *2 (E.D. Mo. Dec. 31, 2007). Plaintiff's EEOC charge lists only race and retaliation as bases for discrimination. (ECF No. 7-1, P. 2). Even liberally construing the charge, it cannot be said to encompass allegations of gender discrimination.[2] *See Brooks v. Midwest Heart Group*, 655 F.3d 796, 801 (8th Cir. 2011) (internal quotations and citations omitted) ("Even with all inferences drawn in favor of Brooks, her claim with the EEOC mentions only discrimination on the basis of race and sex; the boxes for age and retaliation discrimination remain unchecked. An employee may not bring allegations in a Title VII action if they go beyond those that could reasonably be expected to grow out of the charge of discrimination filed with the EEOC. Since Brooks's charge does not allege any age discrimination or retaliation and these two types of discrimination

---

[2] The mere fact that Plaintiff mentioned her gender in her narrative was not enough to place Defendant on notice that she was claiming discrimination on the basis of sex.

are unrelated to race and sex discrimination, they remain unexhausted and were properly dismissed."). As such, the Court finds Plaintiff has failed to exhaust her administrative remedies with respect to her claim of gender discrimination, and so the claim must be dismissed. *Id.*

**II. Missouri Human Rights Act Claim**

"[T]he requirements imposed by section 213.111 to file a claim under the MHRA are that: (1) an employee file a charge with the [Missouri] Commission [on Human Rights] ("MCHR") prior to filing a state court action; (2) the Commission issue a right to sue letter; and (3) the state court action be filed within ninety days of the issuance of the right to sue letter but no later than two years after the alleged cause occurred or its reasonable discovery by the alleged injured party." *Farrow v. Saint Francis Medical Center*, 407 S.W.3d 579, 591 (Mo. banc 2013).

In its motion, Defendant asserts Plaintiff has failed to satisfy the second, and by extension, the third, requirements of the above. (ECF No. 7, P. 9). In other words, Plaintiff does not claim she received a right to sue letter from the MCHR, and thus Defendant infers the investigation is ongoing. (*Id.*). Plaintiff does not respond to this contention[3], and so the Court finds her MHRA claim is unexhausted. This portion of Defendant's Motion to Dismiss will therefore be granted.

**III. Title VII Claim**

In its final argument in favor of dismissal, Defendant asserts Plaintiff's Title VII claim must be dismissed as untimely filed. Specifically, Defendant notes the only discrete act of alleged discrimination identified in Plaintiff Charge is that she was "passed over for promotion in January 2018." (ECF No. 7, P. 7). Giving Plaintiff the benefit of the doubt, and assuming the act occurred on the last day of the month, Defendant maintains the Charge still was untimely, as

---

3 In her only mention of the MHRA claim in her response, Plaintiff cryptically asserts as follows: "The MCHR claim, in as much as it follows the EEOC claim is a moot point." (ECF No. 16, P. 1).

the last day to file a charge in connection with the allegation would be November 27, 2018.[4]  As noted above, Plaintiff did not file her Charge of Discrimination until December 3, 2018.  (ECF No. 7-1).

In her response to Defendant's motion, Plaintiff first notes that her Charge of Discrimination mentions hostile work environment.[5]  (ECF No. 16, P. 5).  Confusingly, however, she then states as follows:  "The charge clearly states that the date of discrimination was February 6, 2018, not before and not after.  The discreet (*sic*) incident that occurred on that day is absent from the narrative, but clearly the incident[s] mentioned in the narrative are the lead up to the discreet (*sic*) incident complained of…..Such actions, by her supervisor would be a discreet (*sic*) action with[in] the scope and true limits of the EEOC charge."  (*Id.*, PP. 5-6).  Plaintiff then asks that the Court either deny Defendant's motion, or treat it as a request for more definite statement and allow Plaintiff to amend her Complaint to specify the actions that occurred on February 6, 2018.  (*Id.*).

Upon consideration the Court will grant Plaintiff's request, and permit her to file an Amended Complaint.  In her Amended Complaint Plaintiff should specify whether she intends to claim hostile work environment, discrete acts of discrimination, or both.

## **CONCLUSION**

Accordingly,

---

4 In order to exhaust her administrative remedies, a plaintiff must file a charge within 300 days after the unlawful practice happened.  *National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109-110 (2002).
5 While a discrete discriminatory act occurs on the day that it happens, hostile environment claims are different, as "[t]heir very nature involves repeated conduct."  *Morgan*, 536 U.S. at 110, 115 (citation omitted).  Therefore, "a Title VII plaintiff raising claims of discrete discriminatory or retaliatory acts must file his charge within the appropriate time period—180 or 300 days—set forth in 42 U.S.C. § 2000e-5(e)(1).  A charge alleging a hostile work environment claim, however, will not be time barred so long as all acts which constitute the claim are part of the same unlawful employment practice and at least one act falls within the time period."  *Id.* at 122.

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss Plaintiff's Complaint (ECF No. 6) is **GRANTED** in part and **DENIED** without prejudice in part.

**IT IS FURTHER ORDERED** that Plaintiff's is granted until **Friday, August 16, 2019**, within which to file an Amended Complaint, in compliance with the foregoing.

Dated this ___1st___ Day of August, 2019.

\s\ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE